**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie D Friess, | No. CV-24-08180-PCT-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Mortgage Law Firm PC, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff Julie D. Friess's motions for ADA accommodation, (Docs. 45, 46); motion for preliminary injunction, (Doc. 47); and her motion to amend her complaint and supplemental response to the defendants' motions to dismiss, (Doc. 48). Friess has also lodged a proposed amended complaint, (Doc. 49), and filed a notice of amended complaint, (Doc. 50), a summons, (Doc. 51), and a proposed order that would permit Friess to file an oversized exhibit, (Doc. 52). For the reasons stated below, the motions and additional filings will be **stricken.**

On September 18, 2025, this case was dismissed with prejudice because Friess's claims are either barred by preclusion principles or fail to state a valid legal claim. (Doc. 44.) The order dismissing Friess's claims explained that her conduct, including filing multiple frivolous lawsuits to delay foreclosure, "displays bad faith and a dilatory motive." (Doc. 44 at 18.) Friess was thus ordered to show cause why she should not be declared a vexatious litigant.

On October 6, 2025, Friess personally filed the motions and additional documents

now pending before the Court. Of Friess's eight filings, not one responds to the order to show cause. Nor do any of her motions seek the limited forms of post-judgment relief permitted by the Federal Rules. *See* Fed. R. Civ. P. 60 (governing motions for reconsideration). Further, Friess is represented by counsel. (Doc. 39.) As the Court has previously directed, (Doc. 43.), Friess is prohibited from communicating directly with the Court and all filings should be facilitated by Friess's attorney. *See* LRCiv 83.3(c)(2) ("Whenever a party has appeared by an attorney, that party cannot thereafter appear or act in [their] own behalf . . . unless an order of substitution [has] been made.")

Friess's motions and accompanying filings will therefore be stricken. Her requests for preliminary injunctive relief, accommodations for the service of the summons, and to amend her complaint all "require that an active claim exist that warrants the relief [she] seeks, and no such claim remains here." *Van Damme v. U.S. Bank N.A.*, 2024 WL 4892558, at *4 (D. Nev. 2024). Judgment has been entered in this action and no further filings by Friess will be entertained unless they are filed by her attorney, and are (1) a response to the order to show cause, or (2) proper post-judgment motions. Friess is reminded that the deadline to respond to the order to show cause is Friday, October 17, 2025, and that failure to respond may result in sanctions.

Accordingly,

**IT IS ORDERED** striking the motions for ADA Accommodation, (Docs. 45, 46); the motion for a preliminary injunction, (Doc. 47); and the motion to amend the complaint, (Doc. 48).

**IT IS FURTHER ORDERED** striking the lodged proposed amended complaint, (Doc. 49); the notice of filing of the amended complaint, (Doc. 50); the summons, (Doc. 51); and the proposed order, (Doc. 52).

///

///

///

///

1   **IT IS FURTHER ORDERED** directing the Clerk of Court to mail Friess a copy
2   of this order at 125 Saddlerock Cir. Sedona, AZ 86336.

3   Dated this 14th day of October.

_____
Honorable Sharad H. Desai
United States District Judge